IRVING M. DAY, PETITIONER, *v.* COMMISSIONER OF INTERNAL
REVENUE, RESPONDENT.

Docket No. 83054.   Promulgated March 3, 1938.

*Nathan F. George, Esq.,* for the petitioner.
*I. Tullar, Esq.,* for the respondent.

OPINION.

MURDOCK: The Commissioner has disallowed the loss for the reason that in his opinion the petitioner made a gift of 100 shares of the stock to each of his four children. The petitioner has attempted to show that he sold the stock to a third party and his children purchased the stock from that third party. It is apparent from the testimony that Charles H. Jones & Co., the third party, acted only

to accommodate the petitioner, and received the stock only for the limited purpose of immediately transferring it to the petitioner's children. It acted in accordance with its prior agreement with the petitioner, which agreement also fixed its compensation. A valid sale may be made to a purchaser which, at the time of purchase, has contracted to sell to another, but where, as here, the entire agreement is between two parties, essentials of a sale may be missing. The petitioner furnished the money to be used in the transaction. His daughter could not have used that money for any other purpose. The petitioner never received any consideration for the stock. He never intended to receive any. The determination to have the children acquire the stock was his, not theirs. They never had any dealings with Charles H. Jones & Co. The petitioner gave the order to buy and sell. The evidence does not indicate that Charles H. Jones & Co. was in law a purchaser of the stock. The introduction of that firm was to color the gift in order to make it look like a sale. The essentials of a bona fide sale are missing. The transaction was not a sale but was, as determined by the Commissioner, a gift. The petitioner did not realize a loss which was deductible for income tax purposes. Cf. *Joseph Blumenthal*, 30 B. T. A. 125; *Slayton* v. *Commissioner*, 76 Fed. (2d) 497.

*Decision will be entered for the respondent.*